644

UNITED STATES of America, Plaintiff,

v.

Jose De Jesus Flores MARTINEZ,
Defendant.

No. CR 90–273–PA.

United States District Court,
D. Oregon.

March 11, 1993.

Michael W. Mosman, U.S. Attorney's Office, Portland, OR, for plaintiff.

Bryan E. Lessley, Fed. Pub. Defender's Office, Eugene, OR, for defendant.

## ORDER

PANNER, Senior District Judge.

Defendant Jose de Jesus Flores Martinez is charged with being an ex-felon in possession of a firearm. I granted defendant's motion to suppress statements. The Ninth Circuit reversed and remanded. *United States v. Martinez*, 972 F.2d 1100 (9th Cir. 1992).

Pursuant to the remand, I held an evidentiary hearing. I deny the motion to suppress.

## BACKGROUND

On March 11, 1990, Oregon State Trooper Steven McCabe pulled over defendant's car for having an obscured license plate. Defendant was driving west on Interstate 84 in Wasco County with two passengers, Lisa Lettenmaier and Daphne Singh.

While defendant was taking his vehicle registration out of the glove compartment, McCabe noticed a half-full box of .45 caliber ammunition. McCabe obtained defendant's consent to search the car.

During the search, McCabe found two women's handbags containing spoons with white powder residue and a small plastic bag of white powder. When McCabe searched Singh, he discovered a loaded .45 caliber pistol and a small bag of marijuana in her pants.

Defendant was charged with theft, being an ex-felon in possession of a firearm, and possession of a controlled substance. Because of defendant's criminal record and the presence of a firearm, McCabe sent a copy of his report to the Bureau of Alcohol, Tobacco and Firearms (BATF). When he read McCabe's report, BATF Special Agent Michael Stewart recognized a potential federal prosecution.

On March 21, 1990, Jeffrey Kolbe, Wasco County Deputy District Attorney, interviewed Singh as part of a plea agreement. Singh stated that defendant had placed the gun in the back of her pants because defen-

dant incorrectly assumed that McCabe would not search Singh. Kolbe knew that Singh's statement might be used against defendant in a federal prosecution.

On April 11, 1990, Stewart and another BATF special agent went to Wasco County to take custody of the pistol for testing. Stewart told McCabe that Fred Weinhouse, an assistant United States Attorney who screened potential Armed Career Criminal cases, thought the case looked good. Stewart did not discuss with McCabe whether interrogating defendant would be useful.

Kolbe wrote an undated note in defendant's file:

> *Fred Winehouse* [sic] *US Atty*[.] INS looking for a charge[.] Fed Atty planning to indict on firearms charges (Armed Career Criminal)[.] Suggest calling Fred Winehouse Mike Stewart ATF 326–2171.

Exh. 102, 2d page (unpaginated). Kolbe could not remember talking to any federal officials about defendant's case.

On April 12, 1990, the Wasco County District Attorney's office received a letter from defendant demanding a speedy trial. Colleen Duncan, a secretary in the District Attorney's office, wrote a note on defendant's letter: "We dismissed these because Feds are 'taking care' of him." *Id.*, 4th page. Duncan thinks that she wrote the note on April 12, 1990 after talking to Kolbe about the case.

Attached to one of defendant's Wasco County files is an undated note from Kolbe stating, "Dismiss this b/c successful prosecution unlikely." Exh. 103. Kolbe did not remember writing the note, but he remembered thinking that he could not win the case. Kolbe stated that he took a certain comfort in knowing that someone else would take the case. However, Kolbe would have sought dismissal even if defendant had not faced federal prosecution.

On April 17, 1990, the state charges against defendant were dismissed. Defendant remained in state custody because he had violated the conditions of a pre-existing parole.

On September 4, 1990, two days before defendant was to be released from state cus-tody, a federal complaint was filed charging defendant with being an ex-felon in possession of a firearm. On September 6, 1990, state officials released defendant into federal custody. Stewart and another BATF agent transported defendant from state prison for an appearance in federal court.

While transporting defendant, Stewart decided to question defendant because Stewart realized that defendant spoke some English. Stewart knew that defendant had been in custody on a parole violation. After defendant waived his rights, he admitted purchasing the pistol.

## DISCUSSION

The Ninth Circuit remanded for a determination whether state and federal authorities colluded in dismissing the state charges against defendant or initiating the federal interrogation. *United States v. Martinez*, 972 F.2d 1100, 1105 (9th Cir.1992). The court stated:

> Areas appropriate for factual inquiry include the degree of federal participation, if any, in the state's decision to dismiss its charges; the degree of state participation, if any, in the decision of federal officers to interrogate and charge Martinez; and the degree of joint decisionmaking over the forum in which Martinez should be prosecuted. This list is not exhaustive
>
> . . . .

*Id.* at 1106.

Defendant contends that I should suppress his statements if I find "some degree of communication and coordination" between the state and federal prosecutors. Defendant's Post–Hearing Memorandum at 9. Defendant argues he need not show any bad faith or improper motive. The government contends that Kolbe dropped the charges against defendant only because Kolbe considered the case weak and not because of the federal interest in prosecuting defendant.

Kolbe knew by March 21, 1990 that the United States Attorney was interested in prosecuting defendant. Although the potential federal prosecution may have made dismissing the state charges easier for Kolbe to swallow, Kolbe's awareness of the federal interest in defendant's case does not show

collusion between the state and federal authorities. Kolbe testified that he would have dismissed the charges even absent any federal interest in defendant's case. When the state dismissed charges against defendant in April 1990, there was no guarantee that the United States Attorney would choose to prosecute defendant.

BATF Agent Stewart made an impromptu decision to interrogate defendant. There is no evidence that Stewart or any other federal agents knew that defendant had previously invoked his Sixth Amendment right to an attorney. I conclude that state and federal officials did not collude to circumvent defendant's rights.

## CONCLUSION

Defendant's motion to suppress (# 18) is denied.

IT IS SO ORDERED.